**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:17-cv-01202-CMA-MEH

MICHAEL ORTEZ, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC., an Ohio corporation,

    Defendant.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EQUITABLY TOLL
FLSA STATUTE OF LIMITATIONS**

Defendant United Parcel Service, Inc. ("UPS") respectfully submits its Opposition to Plaintiff's Motion to Equitably Toll FLSA Statute of Limitations.  For the reasons that follow, Plaintiff's motion should be denied.

**ARGUMENT**

In words that should impel the denial of Plaintiff's motion, the United States Supreme Court has consistently held that it is a general rule that "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs."  *Wallace v. Kato*, 549 U.S. 384, 396 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (equitable tolling only applies in "extraordinary circumstances"); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly."); *Baldwin County Welcome Ctr. v.* Brown, 466 U.S. 147, 151 (1984) ("One who fails to act diligently

cannot invoke equitable principles to excuse that lack of diligence."); see also *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (equitable tolling presupposes "extraordinary circumstances beyond [plaintiff's] control"); *Armelin v. Donahoe*, No. 11-cv-2823, 2012 WL 4839000, at *1 (D. Colo. Oct. 11, 2012) (Arguello, J.) (denying equitable tolling because "equitable exceptions to procedural requirements should be 'applied sparingly'") (quoting *McIntire v. Tulsa County Sheriff*, 121 Fed. App'x 295, 299 (10th Cir. 2006), itself quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)).

This general rule has particular force in the FLSA context; courts in the Tenth Circuit repeatedly have held that an FLSA claim may *only* be tolled if the plaintiff proves that "the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and '[l]ikewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights.'" *United States v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001) (quoting *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996)); *Avendano v. Averus, Inc.*, No. 14-cv-1614, 2015 WL 1529354, at *9 (D. Colo. Mar. 31, 2015) (Arguello, J.) (denying equitable tolling where plaintiff offered "nothing in the record of this case show[ing] that any potential opt-in plaintiff was deceived, misled, lulled into inaction, or otherwise faced extraordinary circumstances that made it impossible for them to file a timely FLSA claim"); *Armelin*, 2015 WL 4839000, at *1 (same); *Kinne v. Rocky Mountain EMS, Inc.*, No. 12-cv-2710, 2013 WL 4871751, at *2 (D. Colo. Sept. 11, 2013) (same); *Geiger v. Z-

*Ultimate Self Defense Studios LLC*, No. 14-cv-240, 2015 WL 1139843, at *3 (D. Colo. Mar. 11, 2015) (same).

Plaintiff has not made—and, indeed, has not even *attempted* to make—any such showing here. He comes forward with nothing that suggests, much less establishes, that UPS has "active[ly] dece[ived]" or "misled" him or any potential opt-in plaintiff. He provides no example of UPS interfering with any potential opt-in plaintiff's rights in any way, and he does not even assert that UPS has actively prevented potential parties from filing individual claims or collective action claims under the FLSA.[1] Nor, of course, can Plaintiff show that UPS has delayed this case. To the contrary, UPS voluntarily agreed to toll the limitations period during the entirety of the four-month settlement discussions that were held between the parties (from September 6, 2017 to January 12, 2018), and then Plaintiff filed his Motion for Notice a few weeks later, on February 5, 2018.[2] Because Plaintiff cannot and does not establish that he has suffered the types

---

[1] Indeed, Plaintiff has actually offered the declaration of another former holiday season driver, Michael Mueller, *see* Dkt. Nos. 42-4, 48-1, but that individual has neither joined in this lawsuit as a named plaintiff nor has opted-in. Given that Plaintiff already has been in contact with at least one other former seasonal driver and that driver has (for whatever reason) not joined this action, there is no basis for equitable tolling while Plaintiff attempts to drum up others to join his collective action.

[2] The Court previously allowed UPS until March 12, 2018 to respond to Plaintiff's pending "Motion to Approve Hoffman-LaRoche Notice," but Plaintiff has not yet provided UPS a date for that deposition. Plaintiff has agreed that it will not oppose a further extension of the March 12 date so as to allow that deposition to be completed.

of tactics that might provide an arguable basis for equitable tolling under *Avendano*, his motion should be denied.[3]

Rather than present evidence of actual deception or delay on the part of UPS such that equitable tolling might be justified, Plaintiff instead asserts that there are two alternative reasons for why tolling supposedly is appropriate here. Not only does that improperly attempt to sidestep the standards announced in *Avendano*, even if those standards could be ignored—and they cannot—neither warrants such relief in any event.

Plaintiff first argues that equitable tolling is warranted "because UPS is in sole possession of the names and contact information of all potential plaintiffs," Dkt. No. 45, at 5, and because the court in *Stransky v. HealthOne of Denver, Inc.*, 868 F. Supp. 2d 1178 (D. Colo. 2012), supposedly granted equitable tolling for that reason. This argument is doubly flawed.

First, Plaintiff's argument that tolling is warranted because UPS is in sole possession of the names and contact information of potential opt-in plaintiffs is plainly insufficient. After all, a defendant *always* has possession of at least some names and contact information in a FLSA action. If Plaintiff were right, then equitable tolling would automatically follow in every FLSA case—which of course it does not. *See, e.g.*,

---

[3] Plaintiff's request that the limitations period be tolled for "*90 days* after notice is provided to potential opt-ins," Dkt. No. 45, at 3 (emphasis added), is curious given that his "Motion to Approve *Hoffman-LaRoche* Notice" requests a *120-day* opt-in period, *see* Dkt. No. 42, at 7. Plaintiff nowhere explains that discrepancy.

*Wallace*, 549 U.S. at 396 ("Equitable tolling is a rare remedy to be applied in unusual circumstances.").

Moreover, this Court and others have repeatedly rejected the very argument Plaintiff presses, explaining that the default rule is precisely the opposite of what Plaintiff urges, and thus that tolling does *not* follow simply because potential opt-ins purportedly lack information about their potential claims or because the employer alone possesses their names and contact information. As Judge Arguello recently instructed in *Avendano*:

> Plaintiff's argument is ultimately rooted in the assumption that potential opt-in plaintiffs could not know about the facts that are the basis of their possible FLSA claim until they receive notice of a collective action. Generally, however, 'potential opt-in plaintiffs *are presumed to be aware of the facts and circumstances of their employment* … and it is those facts and circumstances that allegedly form the basis of each plaintiff's FLSA claim.

2015 WL 1529354, at *9 (emphasis added; citation and quotation marks omitted) (quoting *Young v. Dollar Tree Stores, Inc.*, No. 11-cv-1840, 2013 WL 1223613, at *2 (D. Colo. 2013)) (emphasis added); *see also Kinne*, 2013 WL 4871751, at *2 (same); *Abdulina v. Eberl's Temporary Servs., Inc.*, No. 14-cv-314, 2015 WL 12550929, at *6 (D. Colo. Apr. 27, 2015) (same). Under *Avendano*'s straightforward reasoning, the motion should be denied.

Second, *Stransky* cannot bear the weight Plaintiff places upon it. While that court did note that the defendant-employer there possessed that information, the court *also* made expressly clear that its decision turned on the "particular facts and circumstances of that case"—including, most importantly, that the defendant *did not*

*dispute* that it would not "be prejudiced in any manner, let alone prejudiced unduly, were this Court to toll the applicable limitations period." *Stransky*, 868 F. Supp. 2d at 1182.[4] UPS, by contrast, most certainly would be prejudiced should the limitations period be equitably tolled here—both because none of the traditional criteria for granting such relief have been satisfied, and because this case has proceeded expeditiously since the start.  Indeed, UPS voluntarily tolled the limitations during the four-month period of time that the parties were discussing a possible settlement and any potential opt-in plaintiffs remain free to join this litigation.

Plaintiff next contends that equitable tolling is appropriate because he "anticipates that several more months may pass between the filing of his Motion for Conditional Certification and the Court's decision."  Dkt. No. 45, at 5.  But it is always true that some time will pass between when a conditional-certification motion is filed and when it is ultimately decided, and faced with this certainty, numerous courts in the Tenth Circuit and elsewhere have held that such a "delay" does not qualify as the type of "extraordinary circumstances beyond [Plaintiff's] control" required for equitable tolling. *See, e.g., Young*, 2013 WL 1223613, at *2-3 (finding 10-month delay between filing of motion and disposition insufficient to constitute "extraordinary" circumstance warranting tolling); *Kinne*, 2013 WL 4871751, at *2 (7-month delay insufficient); *Johnson v. Academy Mortg. Co.*, No. 12-cv-276, 2012 WL 3886098, at *3 (D. Utah Sept. 6, 2012) (15-month delay insufficient); *Vargas v. Gen. Nutrition Ctrs., Inc.*, No. 10-cv-867, 2012 WL 5336166, at *7-9 (W.D. Pa. Oct. 26, 2012) (11-month delay insufficient); *Pendlebury*

---

[4]  Respectfully, *Stransky* is so far afield from *Avendano* and the other cases cited above that it is not persuasive in any event.

*v. Starbucks Coffee Co.*, No. 04-cv-80521, 2008 WL 700174, at *3-4 (S.D. Fla. Mar. 13, 2008) (describing as "entirely unavailing" plaintiffs' claim "that the statute of limitations here should be equitably tolled because the Court took six months to rule on Plaintiff's motion," "because the Court took four months to approve the notice and consent forms to be distributed to potential class members," "and because Defendant exercised its right to challenge and oppose Plaintiffs' motion before this Court," and denying tolling request); *Vaughan v. Oak Street Mortg., LLC*, No. 05-cv-311, 2006 WL 890071, at *2 (M.D. Fla. Apr. 3, 2006) (holding that the fact "that the motion for conditional certification has been pending [for roughly eight months] and the amended motion to lift the cease and desist order has been pending [for roughly four months] … are not extraordinary circumstances that would justify equitable tolling").[5]

And importantly here, while Plaintiff seeks tolling back to August 4, 2017 and suggests that potential opt-ins have somehow been burdened by the length of time that has elapsed, the truth is that: (1) UPS voluntarily agreed to toll the limitations period during entirety of the four-month settlement discussions that were held between the parties (from September 6, 2017 to January 12, 2018); and (2) Plaintiff refiled his motion (now titled "Motion to Approve Hoffman LaRoche Notice" (Dkt. No. 42)) on a date of his

---

[5] Plaintiff's reliance on *Bracamontes v. Bimbo Bakeries U.S.A. Inc.*, No. 15-cv-2324, 2017 WL 4621276, at *2 (D. Colo. Aug. 3, 2017), does not help him. While the *Bracamontes* court did admonish itself for taking eight months to decide the conditional certification motion, that provides no basis for tolling limitations here. In fact, that the *Bracamontes* court granted equitable tolling *after* it had granted conditional certification underscores both how premature Plaintiff's motion actually is and why it should be denied.

own choosing (February 5, 2018)[6] shortly after those discussions broke down. Given all that, equitable tolling is not warranted here.

## CONCLUSION

For the foregoing reasons, Defendant respectfully submits that this Court should deny Plaintiff's Motion for Equitable Tolling.

---

[6] February 5, 2018 is the date proposed by Plaintiff in the Scheduling Order for re-filing this motion. (Dkt. No. 38, Section 11(d)). Plaintiff subsequently filed his motion on that date. Dkt. No. 42.

Respectfully submitted this 5th day of March, 2018.

      *s/ Naomi Beer*
      Naomi Beer, #29144
      Amber J. Munck, #39531
      GREENBERG TRAURIG LLP
      1200 17th Street, Suite 2400
      Denver, CO 80202
      Telephone: (303) 572-6500
      Facsimile: (303) 572-6540
      beern@gtlaw.com
      muncka@gtlaw.com

      Jonathan L. Sulds
      GREENBERG TRAURIG LLP
      MetLife Building
      200 Park Avenue
      New York, NY 10166
      Telephone: 212-801-6882
      Facsimile: 212-801-6400
      suldsj@gtlaw.com

      *Attorneys for Defendant*
      *United Parcel Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March, 2018, a true and accurate copy of the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EQUITABLY TOLL FLSA STATUTE OF LIMITATIONS** was filed with the Clerk of the Court via the CM/ECF filing system which will send notification to the following:

David H. Miller
Adam M. Harrison
SAWAYA & MILLER
1600 Ogden Street
Denver, CO 80218
dmiller@sawayalaw.com
aharrison@sawayalaw.com

*s/ Julie Eaton*
Julie Eaton

*ATL 22672822v1*