IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:17-cv-01202-CMA-SKC

MICHAEL ORTEZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

Defendant.

---

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO APPROVE *HOFFMANN-LA ROCHE* NOTICE [ECF. #42] AND PLAINTIFF'S MOTION FOR EQUITABLE TOLLING [ECF. #45]**

---

Magistrate Judge S. Kato Crews

This matter is before the Court on the Motion to Approve *Hoffmann-La Roche* Notice to Potentially Aggrieved Employees ("*Hoffmann-La Roche* Motion") [ECF. #42] and the Motion to Equitably Toll FLSA Statutes of Limitations ("Equitable Tolling Motion") [ECF. #45] both filed by Michael Ortez ("Plaintiff") on February 5, 2018 and February 12, 2018, respectively. The motions were referred to this Court pursuant to Judge Christine M. Arguello's Order Referring Case dated May 22, 2017 [ECF. #4] and the Memoranda dated February 6, 2018 [ECF. #43] and February 15, 2018 [ECF. #49].

The Court has reviewed the motions, related briefing, and the Second Amended Complaint [ECF. #48].[1] The Court considers these filings as well as applicable case law,

---

[1] Defendant filed a "Surreply Brief in Opposition to Plaintiff's Reply in Support of Motion to Approve *Hoffmann-La Roche* Notice to Potentially Aggrieved Employees" on June 25, 2018. [ECF. #93.] The filing of surreplies is typically not allowed without leave of court.

statutory law, and the Federal Rules of Civil Procedure. Now being fully informed, the Court RECOMMENDS that the *Hoffmann-La Roche* Motion be GRANTED IN PART, and the Equitable Tolling Motion be DENIED.

## JURISDICTION

The Court exercises jurisdiction over these motions pursuant to 28 U.S.C. § 1331.[2]

## BACKGROUND

In Plaintiff's Second Amended Complaint [ECF. #48], he brings a collective action against his former employer, United Parcel Service, Inc. ("Defendant"), under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff alleges that Defendant violated the FLSA by failing to pay him and other hourly, seasonal employees, the federal minimal wage for all hours they worked. Plaintiff also brings class action claims and two individual claims against Defendant under Colorado state law.

Defendant is a worldwide package delivery service. It employs "hundreds" of seasonal employees in Colorado during the holiday season, including seasonal driver/package handlers, or "seasonal drivers." Plaintiff alleges that he and other similarly situated individuals, were employed by Defendant as seasonal drivers between the 2016 holiday season and the present.

---

*See* CMA Civ. Prac. Standard 7.1A(d)(4). For these reasons, Defendant's Surreply was not considered by the Court, and Defendant is reminded to review and follow all applicable procedural rules, district judge practice standards, and Local Rules of Practice.

[2] The Parties dispute the Court's jurisdiction over Plaintiff's class action and individual Colorado state law claims. In ruling on the motions at issue, the Court makes no findings concerning jurisdiction.

According to Plaintiff, Defendant's "uniform policy and practice" requires all seasonal drivers to spend 30 minutes to one hour of uncompensated labor preparing their delivery vehicles (i.e., loading, packing, and organizing) prior to beginning their routes each day. [ECF. #48 ¶¶36-37; 48-1 ¶5.] Plaintiff asserts that he was terminated by Defendant after confronting his supervisor and Human Resources about the unpaid "prep time" after Defendant paid him for only two of three weeks of work in December 2016. [*See* ECF. #48 ¶¶39-44.]

By agreement of the parties, the FLSA statutes of limitations were temporarily tolled for prospective opt-in plaintiffs from September 6, 2017 to January 12, 2018, so the parties could participate in a settlement conference. [ECF. ##29, 34, 45 p.2.] The parties were unable to come to a resolution during the settlement conference.  A Scheduling Order was entered by Magistrate Judge Michael E. Hegarty on January 22, 2018. [ECF. #40.] The parties are still relatively early in the discovery process.

## LEGAL STANDARD

Section 216(b) of the FLSA allows collective actions for minimum wage and/or overtime violations. 29 U.S.C. § 216(b). Under the statute, "a covered employer must pay its employees for the time that it employs them." *Peterson v. Nelnet Diversified Solutions, LLC*, No. 17-cv.-01604-NYW, 2018 WL 3470604 at *3 (D. Colo. Apr. 25, 2018). The FLSA "defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) (quoting 29. U.S.C. § 203(g))

A collective action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself and themselves and other employees similarly situated." 29 U.S.C. § 216(b). The trial court is tasked with determining who is

3

"similarly situated" for purposes of a § 216(b) claim in a "manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170-72 (1989) (noting the court's "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper manner"); *see also Thiessen v. Gen Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (noting that the FLSA does not define "similarly situated").

The Tenth Circuit approved a two-step certification process for determining whether putative plaintiffs meet the similarly situated statutory requirement known as the "*ad hoc*" approach. *See Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). Under this approach, the trial court makes an initial "notice stage" determination conditionally certifying the putative class of similarly situated plaintiffs. *Id.* at 1102. After granting conditional certification, notice and consent forms may be approved by the trial court for dissemination to putative plaintiffs, informing them of the litigation and giving instructions for how to join the action. *See Hoffmann-La Roche*, 493 U.S. at 170.  During the second stage, after discovery has concluded and often upon motion to decertify, the court evaluates the "disparate factual and employment settings of the individual plaintiffs; the various defenses available to defendant which appear to be individual to each plaintiff; fairness and procedural considerations; and whether plaintiffs made [any required filings] before instituting suit." *Thiessen*, 267 F.3d at 1103.

## ANALYSIS

As a threshold matter, Defendant argues that the styling of Plaintiff's *Hoffmann-La Roche* Motion eliminates any basis for judicial action because it would have the Court

authorize notice without first addressing the issue of conditional certification. [ECF #75.] The Court disagrees.

Plaintiff initially filed a "motion for Conditional Certification" on August 4, 2017. [ECF. #17.] After Honorable Chief Judge Marcia S. Krieger's decision in *Johnson v. Colorado Seminary*, No. 1:17-cv-02074-MSK-KMT, ECF. #31 (D. Colo. Nov. 20, 2017), Plaintiff filed this Motion, attempting to "conform with the law enunciated" therein, and subsequently replacing his motion for Conditional Certification. [ECF. #42 at pp. 3-4.] Although the Court disagrees with Plaintiff's assertion that the *Johnson* decision changed the procedure of the *ad-hoc* approach, it recognizes its "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper manner." *Hoffmann-La Roche*, 493 U.S at 171.

Despite the styling of Plaintiff's *Hoffmann-La Roche* Motion, the parties have fully briefed the issue of conditional certification. Plaintiff argues the putative class of seasonal drivers were victims of a "single decision, plan, or policy of the [D]efendant," that was implemented during 2016 and 2017. [ECF. ##42 p.5; 85 p.4-7.] Defendant argues the Plaintiff's assertions amount to baseless "generalities" and contradictions, and at most, the putative class should be limited in geographical scope. [ECF. #75 pp.12-15.] The Court finds the parties have addressed the issue of conditional certification in their briefs on the *Hoffmann-La Roche* Motion, and therefore, this issue is properly before the Court. Moreover, considering the issue of conditional certification in light of the arguments of counsel raised in the briefs is consistent with the "flexibility" afforded the Court in determining whether the plaintiffs are similarly situated. The Court views the *Hoffmann-La Roche* Motion as a request for conditional certification <u>and</u> approval of notice, among

Plaintiff's other requests. *See In re Chipotle Mexican Grill, Inc.*, No. 1:14-cv-02612-JLK, 2017 WL 4054144, at *2 (10th Cir. Mar. 27, 2017) (acknowledging "the district courts' flexibility to determine whether plaintiffs are similarly situated").[3]

Having determined that Plaintiff's motion is proper, the Court now turns to the merits of Plaintiff's request.

### A.   Conditional Certification of a Collective Class

Plaintiff asks the Court to approve the *Hoffmann-La Roche* notice and authorize Plaintiff to send it to "[a]ll individuals who worked for UPS as seasonal drivers between May 16, 2014 and the present." [ECF. #42 pp.1, 6.]

At the notice stage, the Plaintiff must prove "nothing more than <u>substantial allegations</u> that the putative class members were together the victims of a single decision, policy, or plan." *In re Chipotle Mexican Grill, Inc.*, No. 1:14-cv-02612-JLK, 2017 WL 4054144 at * 1 (10th Cir. Mar. 27, 2017) (emphasis added) (internal quotations omitted) (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 267 F. 3d 1095, 1102 (10th Cir. 2001)). The Court relies on the allegations of the complaint and any supporting affidavits filed by the plaintiff without weighing evidence, resolving factual disputes, or ruling on the merits of the plaintiff's claims. *Torres-Vallejo v. Creativexteriors, Inc.*, 220 F. Supp. 3d 1074, 1091 (D. Colo. 2016). The standard is lenient and typically results in class certification. *See Smith v. Pizza Hut, Inc.*, No. 09-cv-01632-CMA-BNB, 2012 WL 1414325 at *3 (D. Colo. Apr. 21, 2012). Yet, Plaintiffs burden is not inexistent and cannot be carried by

---

[3] The Court's "flexibility" in this instance should not be construed as accepting Plaintiff's argument that the *Johnson* decision has altered the proper procedure for the *ad-hoc* approach. *See Johnson v. Colorado Seminary*, No. 1:17-cv-02074-MSK-KMT, ECF. #31 (D. Colo. Nov. 20, 2017). The Court does not believe the *Johnson* court went so far.

allegations that are wholly conclusory in nature or hearsay from unidentified sources. *See Saarela v. Union Colony Protective Servs., Inc.*, No. 13-cv-01637-MSK-MJW, 2014 WL 3408771, at *3 (D. Colo. July 14, 2014).

Plaintiff alleges that all seasonal drivers working as part of the "UPS mega center called Centennial" were instructed during their training in Commerce City to report to work at least 30 minutes before clocking in for their shift to prepare delivery vehicles for departure. [ECF. #42-3 ¶¶4, 6-10; 48-1 ¶¶5-9.] The trainer at the Commerce City Facility, Mr. Leo Tschida, told seasonal drivers that these duties were unpaid. [ECF. #42-3 ¶7.] Plaintiff attests that these same instructions were given by his supervisor. [*Id.* at ¶8.] Further attestations and the complaint allege that the Defendant did not pay for this time as a matter of policy. [ECF. #48 ¶¶35-36; 43 ¶¶6-10; 48 ¶¶34-37; 48-1 ¶¶5-9.]

Defendant argues the Plaintiff's assertions amount to foundationless "generalities" and contradictions [ECF. #75 pp.2-5], relying heavily on the declarations of other seasonal drivers employed by Defendant, and inconsistent statements by one of Plaintiff's Declarants, Michael Mueller. [ECF. #75 pp.2-7.] Raising factual and evidentiary disputes at this stage, however, is not helpful because "the Court does not weigh evidence, resolve factual disputes, or rule on the merits of the plaintiff['s] claims" at the § 216(b) notice stage. *Bryant v. Act Fast Delivery of Colorado, Inc.*, No. 14-cv-00870-MSK-NYW, 2015 WL 3929663, at *2 (D. Colo. June 25, 2015) (emphasis added). Thus, factual inconsistencies raised by a Defendant are irrelevant at this stage. *Id.* ("whether or not the declarants made inconsistent statements in their subsequent depositions is irrelevant" at the notice stage).

The Court does not find substantial allegations that <u>all</u> seasonal drivers between May 16, 2014 and the present are similarly situated to Plaintiff. Plaintiff has presented no allegations or evidence from which the Court could infer that all seasonal drivers throughout Defendant's worldwide operations (or even statewide) are similarly situated to Plaintiff. It is undisputed that Defendants classify their seasonal drivers/package handlers as "seasonal drivers" – arguably subjecting them to a single policy. But Plaintiff seems to rest on job title and conclusory statements that "other" seasonal drivers (presumably throughout Defendant's global workforce) were subject to this policy. The Court, however, would have to draw dramatic inferences in favor of Plaintiff in order conclude that he has met his burden for conditional certification of a worldwide or statewide class. The Court declines to do so.

The Court does, however, find substantial allegations that the following persons are similarly situated to Plaintiff for purposes of conditional certification: all seasonal drivers employed by Defendant from October 1, 2016, through the present, who were employed at (1) the "Centennial" location where Plaintiff worked; (2) the "Commerce City" location, where Mueller worked; or (3) attended trainings for seasonal drivers at the Commerce City facility.

Accordingly, the Court RECOMMENDS conditional certification of the class with these limitations such that the proposed opt-in group include only the above-described seasonal drivers.

**B.    Authorization of *Hoffmann-La Roche* Notice and Consent Forms**

Plaintiff requests the Court authorize Plaintiff's proposed *Hoffmann-La Roche* notice and consent forms. The Court has a duty to ensure that the notice adequately

8

advises potential opt-in plaintiffs of their rights and options pertaining to any potential FLSA claims they may have. *See Bryant v. Act Fast Delivery of Colo., Inc.*, No. 14-cv-00870-MSK-NYW, 2015 WL 3929663 at *5 (D. Colo. June 25, 2015) (internal citations omitted).

The *Hoffmann-La Roche* notice should describe the nature of the FLSA "collective action," the FLSA claim and remedies, and offer the recipient the opportunity to "opt-in" to the action by filing a consent. *Johnson* at *6. It should also advise recipients of their right to be represented by counsel for the original plaintiff, to obtain independent representation, or to participate *pro se. Id.* It may also describe certain rights of an "opt-in" plaintiff (including the right not to be bound by a settlement that the original plaintiff advocates). *Id.* It should explain that if the employee does not "opt-in" he or she will not benefit from any recovery obtained therein, but the employee can pursue an independent action or otherwise assert a claim. *Id.*

The Court has reviewed the Plaintiff's proposed notice and consent forms. The Court finds the proposed notice form adequately apprises potential opt-in plaintiffs of their rights and options. [ECF. #42-1.] The consent form properly allows potential plaintiffs to join this action in the manner they deem appropriate. [*Id.*] As such, the Court RECOMMENDS authorizing Plaintiff's dissemination of the *Hoffmann-La Roche* notice and consent forms to the potential opt-in plaintiffs [*Id.*], subject to revisions reflecting the Court's recommended conditional certification above, and updating the reference in Section 1 of ECF. #42-1 from Judge Hegarty to the undersigned Magistrate Judge.

C.     **Personal Information of Potential Plaintiffs**

The Plaintiff's also request that Defendant produce the names, dates of employment, last known physical addresses, any foreign addresses, email addresses, and phone numbers of the putative plaintiffs no later than 14 days after issuing an order in favor of Plaintiff. A plaintiff seeking information about potential plaintiffs from a defendant must show why it is necessary to obtain the information. *See Johnson v. Colorado*, 1:17-cv-02074-MSK-KMT at p. 5 (D. Colo. Nov. 20, 2017) (citing *Greenstein v. Meredith Corp.*, 948 F. Supp. 2d 1266, 1271 (D. Kan. 2013)). This district has recognized that obtaining a person's last known physical address or email address is necessary for providing FLSA notice through reasonable means of mail or email. *Id.*at pp. 5-6; *see also Bryant v. Act Fast Delivery of Colorado, Inc.*, No. 14-cv-00870-MSK-NYW, 2015 WL 3929663 at *5 (D. Colo. June 25, 2015) (granting FLSA notice via mail or email). However, the Plaintiff has not satisfied the Court that it is necessary for the Defendant to produce telephone numbers of potential plaintiffs.

Thus, absent further showing, the Court RECOMMENDS requiring Defendant to produce the names, dates of employment, last known physical addresses, and any foreign addresses of the individuals to whom *Hoffmann-La Roche* notice should be sent. The Court RECOMMENDS this production occur within 14 days from the final order on the *Hoffman-LaRoche* Motion.

D.     **Plaintiff's Requested Opt-In Period and Leave for Reminder Notice**

The Plaintiff requests the Court order (1) that potential opt-in plaintiffs be given 120 days to file their Consent to Join forms, and (2) that the Plaintiffs be allowed to send a

reminder to potential opt-in plaintiffs 45 days before the opt-in period ends. The Defendant does not address these requests.

The Court RECOMMENDS the following: (1) the notices shall be sent within 14 days of disclosure by Defendant; (2) the opt-in period will run 120 days from the date the first notice is given; (3) the Plaintiff may also resend the approved notice and consent forms to potential plaintiffs a second time no later than 45 days before the end of the 120-day opt-in period. *See Johnson v. Colorado Seminary*, No. 1:17-cv-02074-MSK-KMT, ECF. #31 (D. Colo. Nov. 20, 2017).

### E.      Plaintiff's Motion for Equitable Tolling

The commencement of an FLSA collective action, by itself, does not toll the statute of limitations for putative class members. 29 U.S.C. § 256(b). Instead, the statute contains a "look-back" provision limiting how far back a plaintiff can look to find violations by his or her employer to two years or three years for willful violations. *Id.* §§ 255(a), 256(b); s*ee also Avendano v. Averus, Inc.*, No. 14-cv-01614-CMA-MJW, 2015 WL 1529354, at *9 (D. Colo. Mar. 31, 2015).

In his motion, Plaintiff requests tolling of the FLSA statute of limitations as of August 7, 2017 until 90 days after the opt-in members receive notice of this lawsuit. [ECF. #45 pp. 3-6.] Although the Tenth Circuit has not addressed the circumstances in which the equitable tolling doctrine applies to FLSA claims, courts in this district have recognized that the doctrine should be applied "sparingly," on a case-by-case basis. *Stransky v. HealthONE of Denver, Inc.,* 868 F. Supp. 2d 1178, 1181 (D. Colo. 2012).

Plaintiff primarily cites cases applying a lenient standard, focusing on tolling in the interest of justice; Defendants cite cases which apply a relatively strict standard applied in a few FLSA disputes and adopted outside the FLSA context. Nonetheless, it seems a common thread permeates in this district, "equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline <u>unavoidably arose</u> from circumstances <u>beyond that litigant's control</u>." *Id.* (emphasis added) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). Further, the decision to toll the statute of limitations in a particular case lies exclusively within the sound discretion of the trial court. *Id.*

Underlying Plaintiff's primary argument in this regard is the assumption that potential opt-in plaintiffs are unaware of the facts that are the basis of their FLSA claim against Defendant until they receive notice of this collective action. [ECF. #45 p.5.] However, "potential opt-in plaintiffs are presumed to be aware of the facts and circumstances of their employment." *Avendano v. Averus, Inc.*, No. 14-cv-01614-CMA-MJW, 2015 WL 1529354, at *9 (D. Colo. Mar. 31, 2015) (quoting *Young v. Dollar Tree Stores, Inc.*, 11-cv-1840-REB-MJW, 2013 WL 1223613, at *2 (D. Colo. Mar. 25, 2015).

Plaintiff goes on to cite cases from this district where courts elect to toll the statute where months-long delay occurred between filing of the motion to conditionally certify and the court's disposition certifying the class and approving notice. [ECF. #45 p.5.] Although several months may ultimately fall between Plaintiff's motion for certification and the Court's disposition of said motion, the Court is not inclined to toll the statute in this instance. Further, because "potential opt-in plaintiffs are presumed to be aware of the facts and circumstances of their employment," the Court does not believe denying

Plaintiff's Equitable Tolling Motion will prejudice opt-in plaintiffs. *See Avendano* 2015 WL 1529354, at *9. Thus, the Court RECOMMENDS Plaintiff's Motion to Equitably Toll the Statute of Limitations be denied.

## CONCLUSION

For the foregoing reasons, the Court RECOMENDS that:

(1) Plaintiff's Motion to Approve *Hoffmann-La Roche* Notice [ECF. #42] be GRANTED IN PART, as follows:

> a. Conditional certification of the class subject to the limitation that the proposed opt-in group include only those seasonal drivers who either (1) worked in the Centennial or Commerce City facilities, or (2) attended trainings at the Commerce City facility, from October 1, 2016 until the date of the final order on this Report and Recommendation;

> b. Plaintiff's notice [ECF. #42-1] and consent [ECF. #42-2] forms be approved subject to the notice being amended to accurately reflect the parameters of the group of potential opt-in plaintiffs as set out above, and update the Magistrate Judge reference;

> c. Within 14 days from the final order on this Report and Recommendation, Defendant shall produce the names, dates of employment, last known physical addresses, email addresses, and any foreign addresses of the individuals to whom notice should be sent; and,

> d. The *Hoffmann-La Roche* notice shall be sent within 14 days of Defendant's above-disclosure; the opt-in period will run 120 days from the date the first notice is given; and Plaintiff may resend the approved

notice and consent forms to potential plaintiffs a second time no later than 45 days before the end of the 120-day opt-in period.

(2) Plaintiff's Motion to Equitably Toll FLSA Statutes of Limitations [ECF. #45] be DENIED.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives _de novo_ review of the recommendation by the District Judge, and waives appellate review of both factual and legal questions. _Thomas v. Arn_, 474 U.S. 140, 148–53 (1985); _Makin v. Colorado Dep't of Corrs._, 183 F.3d 1205, 1210 (10th Cir. 1999); _Talley v. Hesse_, 91 F.3d 1411, 1412–13 (10th Cir. 1996).**

DATED at Denver, Colorado, this 16th day of August, 2018.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge
District of Colorado

14