**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 17-cv-01202-CMA-MEH

MICHAEL ORTEZ, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC., an Ohio corporation,

    Defendant.

---

**ORDER AFFIRMING AND ADOPTING THE RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE S. KATO CREWS**

---

    This matter is before the Court on the Report and Recommendation of United States Magistrate Judge S. Kato Crews (Doc. # 101), wherein he recommends that this Court grant in part Plaintiff Michael Ortez's Motion to Approve *Hoffmann-La Roche*[1] Notice to Potentially Aggrieved Employees ("*Hoffmann-La Roche* Motion") (Doc. # 42) and deny Plaintiff's Motion to Equitably Toll FLSA Statute of Limitations ("Equitable Tolling Motion") (Doc. # 45). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Both parties have filed Objections, challenging portions of the Recommendation. (Doc. ## 102, 103.) Having thoroughly reviewed those Objections, along with the underlying motions briefing, pertinent record,

---

[1] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170-72 (1989)

and applicable law, the Court affirms and adopts the Recommendation for the following reasons.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(3) requires that this Court review all issues that were properly objected to *de novo*. In so doing, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The Court is accorded "considerable discretion" with respect to the treatment of unchallenged issues. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Id*.

## II. BACKGROUND

Plaintiff was a seasonal employee of Defendant United Parcel Service, Inc., a worldwide package delivery service. Plaintiff contends that Defendant's "uniform policy and practice" required he, and all other seasonal drivers, to spend thirty minutes to one hour of uncompensated labor preparing their delivery vehicles (i.e., loading, packing, and organizing) prior to beginning their routes each day. (Doc. # 48 at ¶¶ 36–37; 48-1 at ¶ 5.) Based primarily on this allegation, Plaintiff brings a collective action against Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff also brings class action claims[2] and two individual claims against Defendant under Colorado state law.

---

[2] Plaintiff has not applied for class certification under Rule 23.

The instant motions request that the Court conditionally certify a collective class of seasonal drivers under the FLSA,[3] approve Plaintiff's proposed Notice and Consent Forms, and equitably toll the statute of limitations until the opt-in period closes. The Court addresses each request in turn.

### III. CONDITIONAL COLLECTIVE CLASS CERTIFICATION

#### A. LAW

Section 216(b) of the FLSA provides a unique procedural mechanism allowing "collective" actions for minimum wage and/or overtime violations. Such actions "may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. 216(b). Unlike class actions under Rule 23 of the Federal Rules of Civil Procedure, a "collective class" under the FLSA includes only those individuals who expressly opt into the class in writing. *Id.* The trial court is tasked with determining who is "similarly situated" for purposes of a § 216(b) claim in a "manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffmann-La Roche*, 493 U.S. at 170–72 (noting the court's "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper manner").

The Tenth Circuit has approved the use of a two-step process for determining whether putative employees are "similarly situated" to the named plaintiff(s) for

---

[3] Despite Defendant's contrary argument below, Magistrate Judge Crews concluded that conditional certification was properly before the Court. Neither party objected to that determination, and the Court, finding it sound and not clearly erroneous, adopts it in full.

purposes of § 216(b). *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102-1105 (10th Cir. 2001). Only the first stage is relevant here.[4]

During this stage, the court makes an initial, so-called "notice" determination of whether the named plaintiff and the proposed opt-in class members are "similarly situated." *Id.* at 1102–03; *see Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995). This "'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *Thiessen*, 267 F.3d at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)). "[A] court need only consider the substantial allegations of the complaint along with any supporting affidavits or declarations." *Smith v. Pizza Hut, Inc.*, No. 09-CV-01632-CMA, 2012 WL 1414325 at *3 (D. Colo. Apr. 21, 2012) (citation omitted). In making this preliminary decision, "the court does not weigh evidence, resolve factual disputes, or rule on the merits of plaintiffs' claims." *Id.* The standard at this notice juncture is a "fairly lenient" one and usually results in conditional certification. *Thiessen,* 267 F.3d at 1103 (describing the standard as "fairly lenient"); *Mooney*, 54 F.3d at 1214 ("Because the court has minimal evidence, [the notice-stage] determination . . . typically results in 'conditional certification' of a representative class").

### B. ANALYSIS

Magistrate Judge Crews recommends granting in part Plaintiff's request to certify the collective class. Instead of certifying "all seasonal drivers" statewide or worldwide,

---

[4] The second stage occurs at the end of discovery and is often prompted by a motion to decertify by the defendant. *Thiessen*, 267 F.3d at 1102-03; *Vaszlavik*, 175 F.R.D. at 678.

Magistrate Judge Crews suggested that this Court limit the collective geographically to seasonal drivers who (1) worked at the "Centennial" location where Plaintiff worked; (2) worked at the "Commerce City" location, where one of Plaintiff's declarants Michael Mueller worked; or (3) attended trainings for seasonal drivers at the Commerce City facility. (Doc. # 101 at 8.)

Neither party objects to the inclusion of seasonal employees in first two categories, and having thoroughly reviewed the issue, the Court adopts Magistrate Judge Crews' recommended inclusion of them. Indeed, sufficient allegations support that drivers in those categories are similarly situated to Plaintiff and conditional certification, as recommended by Magistrate Judge Crews, is therefore warranted.

Defendant, however, challenges the third category of drivers, arguing that it is too broad, effectively creating a statewide class. The Court has therefore reviewed the grouping de novo, and based on that review, the Court agrees with Magistrate Judge Crews recommendation to include seasonal drivers trained at the Commerce City Facility in the conditional FLSA class. Again, sufficient allegations support their inclusion. Specifically, Plaintiff alleges that he and all other seasonal drivers who were trained at the Commerce City Facility were told, by the Commerce Facility Trainer, Leo Tschida, to report to work at least 30 minutes before clocking in for their shift to prepare delivery vehicles for departure. (Doc. # 42-3 at ¶¶ 5–7.) Trainees were instructed that they "should spend time loading, packing, and organizing [the] truck before 'roll out' . . . [otherwise they] would not have a job." (*Id.* at ¶ 5.) Plaintiff adds that Mr. Tschida told seasonal driver trainees at this facility that this "prep time" was unpaid. (*Id.*) Plaintiff

attests that these same instructions were given by his supervisor at Centennial. (*Id.* at ¶ 8.) Further attestations in the Second Amended Complaint support that the Defendant did not pay for this time as a matter of policy. (Doc. ## 48 at ¶¶ 36–39.) These factual averments are sufficient, at this preliminary stage, to support a finding that seasonal drivers trained at the Commerce City facility are similarly-situated to Plaintiff for purposes of conditional certification under the FLSA.

Whether these allegations are true or supported by substantial evidence is of little consequence at this conditional certification stage where the Court "does not weigh evidence, resolve factual disputes, or rule on the merits of plaintiffs' claims." *Torres-Vallejo v. Creativexteriors, Inc.*, 220 F. Supp. 3d 1074, 1091 (D. Colo. 2016). As mentioned, the standard is lenient and typically results in certification. *See Smith*, 2012 WL 1414325 at *3. Thus, Defendant's challenges to the veracity of these allegations, either by presenting contrary affidavits or harping on Plaintiff's inability to attend all Commerce City Facility trainings, are unavailing. Defendant's arguments are better suited for the second stage in this process, at the close of discovery, on a motion for de-certification or summary judgment. Because Defendant's merit-based objections are presently improper, they do not support denying conditional certification.

Accordingly, the Court conditionally certifies the following class:

> All seasonal drivers employed by Defendant from October 1, 2016[5], through the present, who either (1) worked in the

---

[5] Although Plaintiff requested that the class include all seasonal drivers employed between May 16, 2014 and the present. Magistrate Judge Crews limited the timeframe to October 1, 2016, and neither party has objected to that limitation. This Court agrees that seasonal drivers employed between October 1, 2016 and the present is a more accurate reflection of the employees who would be "similarly-situated" to Plaintiff, who was hired for the 2016 holiday

Centennial or Commerce City facilities; or (3) attended trainings for seasonal drivers at the Commerce City facility.

## IV. NOTICE AND CONSENT FORMS

"Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate[;] it should not alter plaintiffs' proposed notice unless such alteration is necessary." *Bryant v. Act Fast Delivery of Colorado, Inc.*, No. 14-CV-00870-MSK-NYW, 2015 WL 3929663, at *5 (D. Colo. June 25, 2015).

The *Hoffmann-La Roche* notice should describe the nature of the FLSA "collective action," the FLSA claim and remedies, and offer the recipient the opportunity to "opt-in" to the action by filing a consent. *Johnson v. Colorado Seminary*, No. 1:17-cv-02074-MSK-KMT, ECF. # 31 (D. Colo. Nov. 20, 2017). It should also advise recipients of their right to be represented by counsel for the original plaintiff, to obtain independent representation, or to participate *pro se*. *Id.* at *6. It may also describe certain rights of an "opt-in" plaintiff, including the right not to be bound by a settlement that the original plaintiff advocates. *Id.* It should explain that if the employee does not "opt-in" he or she will not benefit from any recovery obtained therein, but the employee can pursue an independent action or otherwise assert a claim. *Id.*

Neither party objects to Magistrate Judge Crews' conclusion that Plaintiff's proposed Notice Form (Doc. # 42-1) "adequately apprises potential opt-in plaintiffs of their rights and options" and the Consent Form (Doc. # 42-2) "properly allows potential plaintiffs to join this action in the manner they deem appropriate." Having reviewed the

---

season and accordingly adopts Magistrate Judge Crews' recommended timeframe, which is not clearly erroneous or contrary to law.

proposed Notice and Consent Forms, the Court agrees that they are fair and accurate, and the Court authorizes their dissemination, subject to revisions reflecting the Court's conditional collective class above and updating the reference in Section 1 of the Notice from Magistrate Judge Hegarty to Magistrate Judge Crews. The Court also adopts Magistrate Judge Crews' unchallenged recommended timeline for the dissemination of notice (within 14 days of this order), the opt-in period (120 days), and the dissemination of a reminder notice (45 days before the 120-period concludes).

Last, the Court addresses the means of dissemination. Plaintiff requests that Defendant be ordered to produce the names, dates of employment, last known physical addresses, any foreign addresses, email addresses, and phone numbers of the putative plaintiffs. Magistrate Judge Crews recommended that this Court order the production of physical and email addresses[6], but not telephone numbers. Plaintiff objects in part to this conclusion, arguing that Defendant should be ordered to produce telephone numbers because most seasonal drivers are "young [and] transient" and "more likely to rent a home and to relocate" and, consequently, there is a "high risk that notices sent by first-class mail will not reach" them. (Doc. # 102 at 3.)

The Court finds that dissemination by telephone is unnecessary because dissemination by email is sufficient to ensure adequate notification and to counter any "risk that notices sent by first-class mail will not reach" the putative class. (*Id.*) Indeed,

---

[6] Plaintiff's Objection states that Magistrate Judge Crews denied Plaintiff's request for the production of email addresses. Not so. The Conclusion to the Recommendation clearly states that "Defendant shall produce the names, dates of employment, last known physical addresses, *email addresses*, and any foreign addresses of the individuals to whom notice should be sent." (Doc. # 101 at 13.)

Plaintiff has presented no argument to support that dissemination by email is insufficient or to show why dissemination by telephone is needed *in addition to* dissemination by email. The Court therefore agrees with Magistrate Judge Crews' recommendation on this issue and denies Plaintiff's request for the disclosure of telephone numbers.

Thus, the Court accordingly orders Defendant, within 14 days of this order, to produce the names, dates of employment, last known physical addresses, email addresses, and any foreign addresses of the individuals to whom notice should be sent.

## V.  EQUITABLE TOLLING

A claim brought pursuant to the FSLA must be "commenced within two years after the cause of action accrued ... except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). An action is "commenced" on the date the complaint is filed, subject to certain exceptions. *Id*. at § 256. In the case of a collective action, if an individual claimant does not immediately file written consent to become a party plaintiff, or if the individual claimant's name does not appear on the initial complaint, plaintiff's action is considered to be "commenced" when a plaintiff files written consent. *Id.* at § 256(b); *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1180 (D. Colo. 2012).

Equitable tolling is a doctrine that permits courts to extend statutes of limitations on a case-by-case basis to prevent inequity. *Stransky*, 868 F. Supp. 2d at 1180 (citing *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). Although the Tenth Circuit has not addressed the circumstances in which the equitable tolling doctrine applies to FLSA claims, courts in this district have recognized that the doctrine should be applied

"sparingly," on a case-by-case basis. *Stransky*, 868 F. Supp. 2d at 1181. Most often, "[e]quitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id*. (emphasis added) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). Courts have also equitably tolled statutes of limitations in FLSA actions when doing so is in the interest of justice. *Id.* In any event, the tolling decision lies exclusively within the sound discretion of the trial court. *Id.*

Plaintiff requests the tolling of the FLSA statute of limitations as of August 7, 2017 until 90 days after the opt-in members receive notice of this lawsuit. (Doc. # 45 at 3–6.) Magistrate Judge Crews recommends denying Plaintiff's tolling request, finding that little to no prejudice ensues where potential opt-in plaintiffs are "aware of the facts and circumstances of their employment." *See Avendano v. Averus, Inc.*, No. 14-CV-01614-CMA-MJW, 2015 WL 1529354, at *9 (D. Colo. Mar. 31, 2015) (finding that "[g]enerally, [opt-in plaintiffs] claims accrue when they gain knowledge" of the "facts and circumstances that form the basis of [their] claims" and citing *Young v. Dollar Tree Stores, Inc.,* 11–CV–1840–REB–MJW, 2013 WL 1223613, at *2 (D.Colo. Mar. 25, 2013) in support). Plaintiff objects to that recommendation, primarily arguing that (1) although familiar with their conditions of employment, opt-in plaintiffs are not aware that their payment scheme was unlawful, and (2) "more than one year has passed since Plaintiff initially moved the Court to conditionally certify this action" and, moreover, the limitations period has been running for circumstances beyond Plaintiff's control "for eight months." (Doc. # 102 at 4–5.)

Upon de novo review, the Court finds that tolling is not warranted. Nothing in the record of this case shows that any potential opt-in plaintiff was deceived, misled, lulled into inaction, or otherwise faced extraordinary circumstances that made it impossible for them to file a timely FLSA claim. And, generally, "potential opt-in plaintiffs are presumed to be aware of the facts and circumstances of their employment . . . and it is those facts and circumstances that allegedly form the basis of each plaintiff's FLSA claim." *Avendano*, 2015 WL 1529354, at *9. Moreover, Plaintiff exaggerates the circumstances of the delay in this case. Plaintiff filed the instant motions in February 2018, following a four-month period during which the Parties stipulated to toll the statute of limitations for settlement negotiations. The Equitable Tolling motion ripened in March, the Hoffmann-La Roche Motion ripened in June (following multiple requests for extensions of time by the Parties), and the Recommendation on both motions issued in August. The Objection period closed on September 4, 2018, and this Court's Order has promptly followed. Although the Court notes that there has been some delay in the certification of this collective class, the Court finds that the delay was in part at the request of the Parties and is not so inordinate as to support equitable tolling, absent some showing of prejudice. The Court therefore overrules Plaintiff's objections and denies his tolling request.

## VI.    CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

(1) The Report and Recommendation of United States Magistrate Judge S. Kato Crews (Doc. # 101) is AFFIRMED and ADOPTED as an Order of this Court.

(2) Plaintiff's Motion to Approve *Hoffmann-La Roche* Notice (Doc. # 42) is

GRANTED IN PART, as follows:

a. The following class is conditionally certified:

All seasonal drivers who either (1) worked in the Centennial or Commerce City facilities, or (2) attended trainings for seasonal drivers at the Commerce City facility, from October 1, 2016 until the date of this Order;

b. Plaintiff's Notice (Doc. # 42-1) and Consent (Doc. # 42-2) Forms are APPROVED, subject to the Notice being amended to accurately reflect the parameters of the group of potential opt-in plaintiffs as set out above and the correct Magistrate Judge;

c. Within 14 days from this Order, Defendant shall produce the names, dates of employment, last known physical addresses, email addresses, and any foreign addresses of putative opt-in plaintiffs; and

d. The Notice shall be sent within 14 days of Defendant's above-disclosure; the opt-in period will run 120 days from the date the first Notice is given; and Plaintiff may resend the approved Notice and Consent forms to potential plaintiffs a second time no later than 45 days before the end of the 120-day opt-in period.

(3) Plaintiff's Motion to Equitably Toll FLSA Statutes of Limitations is DENIED. (Doc. # 45.)

DATED: September 11, 2018          BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge

13