IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-01202-CMA-SKC

**MICHAEL ORTEZ, individually, and on behalf of all others similarly situated,**

    **Plaintiff,**

**v.**

**UNITED PARCEL SERVICE, INC., an Ohio corporation,**

    **Defendant.**

## JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff Michael Ortez ("Ortez") and Defendant United Parcel Service ("UPS"), by counsel and in accordance with the Court's Order Granting Joint Motion for Preliminary Approval of Class Action Settlement and Class Certification for Settlement Purposes, Authorizing Notice to Settlement Class, and Appointing Class Counsel and Class Representative (ECF No. 123) hereby jointly move the Court to grant final approval of their class action settlement and state as follows:

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(A), the undersigned certify that this Motion is filed on behalf of all parties, and that no Member of the Settlement Class has filed an objection to the parties' Settlement.

1

## INTRODUCTION

On April 16, 2019, the parties filed their Settlement Agreement (ECF No. 121-1) as an exhibit to their Joint Motion for Preliminary Approval of Class Action Settlement and Class Certification for Settlement Purposes, Authorizing Notice to Settlement Class, and Appointing Class Counsel and Class Representative (ECF No. 121). On May 29, 2019, the Court entered an Order approving the Settlement Agreement and certifying the following class for settlement purposes only:

> All seasonal drivers who either (1) worked in the Centennial or Commerce City facilities, or (2) attended trainings for seasonal drivers at the Commerce City Facility, from October 1, 2016 until September 11, 2018.

("Settlement Class" or "Seasonal Drivers") ECF No. 123; ECF No. 121 at 28. The Court appointed Ortez as the Class Representative, the undersigned attorneys from the Sawaya Law Firm as Class Counsel, and JND Legal Administration ("JND") as the Settlement Administrator. ECF No. 123. The Court also approved the Notice of Class Action Settlement and Opt-out Form ("the Notices") drafted by the parties. *Id.*

JND sent the Notices to 687 Seasonal Drivers on June 18, 2019. While three Seasonal Drivers opted out of the Settlement Class, no Seasonal Driver filed an objection to the Settlement.

35 individuals in the Settlement Class previously opted in to the collective action that was certified by the Court on September 11, 2018 ("FLSA Class"). ECF No. 104.

The Notices sent to 63 Seasonal Drivers were initially returned as undeliverable. Through address research, JND was able to locate 12 of those individuals. Class Counsel intends to engage in further efforts to locate those Class Members. To the extent that any

2

Settlement Class Member cannot be found, the parties have agreed that such funds and the funds allocated to the Seasonal Drivers who opted out of the Settlement Class, will be delivered to the *cy pres* beneficiary, the Colorado Fiscal Institute.

As reflected in the Settlement Agreement, the parties agreed to and the Court preliminarily approved payment to the Settlement Class of $186,000.00, less reasonable attorneys' fees ("the Settlement"). Class Counsel is requesting that 1/3 of this amount – $62,000 – be apportioned to attorney's fees. If the Court grants that request:

- 1 member of the FLSA Class (who worked both seasons) will receive $788, for a subtotal of $788;[1]

- 34 members of the FLSA Class will receive $394, for a subtotal of $13,396;

- 15 other members of the Settlement Class (who worked both seasons) will receive $330, for a subtotal of $4,950;

- 634 members of the Settlement Class will receive $165, which equates to more than 8 hours of compensation, for a subtotal of $104,610; and

- The Colorado Fiscal Institute, as the *cy pres* beneficiary, will receive $495 based on the three individuals who opted out of the Settlement Class, plus the amounts allocated to any of the Settlement Class Members who cannot be found.

---

[1] Each Seasonal Driver will receive $165 (more than 8 hours of pay) for each holiday season worked and the individuals who opted into the FLSA Class will receive an additional $229 per season.

3

The Parties reached this Settlement after two years of vigorous litigation, careful discovery, and a settlement conference with Magistrate Judge Michael E. Hegarty. Class Counsel believes, based on their investigation and information reviewed during discovery, that the Settlement represents a full recovery of the wages due to each Seasonal Driver, along with liquidated damages for the FLSA Class.

The proposed Settlement is "fair reasonable, and adequate" under the standards established by the Tenth Circuit Court of Appeals. *See e.g. Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002) (citing *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984). The Settlement was fairly and honestly negotiated at arm's length between counsel who zealously and diligently represented their clients. Serious questions of law and fact, including but not limited to the issues of whether UPS had a policy or practice of failing to pay Seasonal Drivers for all of the hours they worked, whether such a policy or practice was applied to all of the Seasonal Drivers, and nature and extent of the Seasonal Driver's off-the-clock work, place the ultimate outcome of this litigation in doubt. The value of the wages due to each Seasonal Driver outweighs the mere possibility of future relief after further litigation. Moreover, both parties judge the settlement to be fair and reasonable. Accordingly, the parties respectfully move the Court to grant final approval of their Settlement.

## **BACKGROUND**

### A. **SUMMARY OF THE LITIGATION:**

Ortez initiated this action by filing an Individual, Collective, and Class Action Complaint on May 16, 2017 (ECF No. 1). Ortez amended his Complaint on July 14, 2017

4

(ECF No. 10) and again on February 13, 2018 (ECF No. 48). UPS answered Ortez's Complaint, Amended Complaint, and Second Amended Complaint, disputing Ortez's allegations and denying that it committed any wrong in relation to Ortez or the Seasonal Drivers. ECF Nos. 15, 27, and 53.

Ortez's Second Amended Complaint alleges that: (1) UPS violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") by failing to pay Seasonal Drivers the federal minimum wage for time that they spent loading, packing, and organizing UPS trucks; (2) UPS violated the Colorado Wage Claim Act, C.R.S. § 8-4-101 et seq. ("CWCA") by failing to pay Seasonal Drivers the Colorado minimum wage and/or their agreed hourly rate of $18.75 per hour for such work; (3) UPS breached contracts with the UPS drivers by failing to pay them their agreed hourly rate for such work; (4) UPS engaged in unjust enrichment by failing to pay the UPS drivers for such work; (5) UPS violated the FLSA by retaliating against Ortez for complaining about UPS's wage and hour policies; and (6) UPS committed wrongful termination in violation of Colorado public policy by terminating Ortez for his complaints. ECF No. 48.

UPS employs Seasonal Drivers during its annual holiday season, which runs from approximately November of each year to January of the subsequent year. This Court has appointed Ortez and his attorneys to represent the FLSA Class and, for settlement purposes only, the Settlement Class consisting of "all [Seasonal Drivers] who either (1) worked in the Centennial or Commerce City facilities, or (2) attended trainings for seasonal drivers at the Commerce City Facility, from October 1, 2016 until September 11, 2018." ECF No. 104, 123.

The parties engaged in early settlement negotiations at a Settlement Conference with Magistrate Judge Michael E. Hegarty on November 27, 2017. ECF No. 34. While that Conference did not result in an immediate settlement, it encouraged the Parties to focus their discovery on the most salient issues and to continue their negotiations, which they did for the next year. After the Court granted conditional certification of the FLSA Class (*see* ECF No. 104), the Parties engaged in renewed settlement negotiations, eventually agreeing to resolve all of the claims in this case. They then jointly drafted and finalized their Settlement Agreement, which was fully executed on April 16, 2019 and submitted to the Court for preliminary approval on that date. ECF No. 121.

On May 29, 2019, the Court granted preliminary approval of the Settlement, certified the Settlement Class for settlement purposes, authorized notice to the Settlement Class, approved JND as the Settlement Administrator, appointed Ortez to serve as Class Representative, and appointed David H. Miller and Adam M. Harrison of the Sawaya Law Firm to serve as Class Counsel. ECF No. 123. The Court also set the Final Fairness Hearing for 1:00 p.m. on October 30, 2019. *Id.*

**B. PROPOSED SETTLEMENT, NOTICE, AND DISTRIBUTION:**

Under the Settlement Agreement, and subject to this Court's final approval: (A) UPS will pay $186,000.00 ("Class Settlement Amount") to the Settlement Class, less a proportionate share of the attorneys' fees awarded by the Court; (B) UPS will pay Service Payments of $4,000.00 to Ortez and $1,000.00 to Michael Mueller for their efforts on behalf of the Class; (C) UPS will pay $36,000.00 to Ortez for his individual claims of FLSA retaliation and wrongful termination in violation of public policy, less reasonable attorneys'

6

fees awarded by the Court ("Individual Payment"); (D) Ortez will release all claims he and the Settlement Class Members brought or could have brought against UPS in this action; (E) UPS will not object to Class Counsel's petition for reasonable attorney's fees and costs; and (F) UPS will pay the costs of administering the Settlement, not to exceed $10,500.00, to JND. The parties have also agreed to jointly move this Court to dismiss this action with prejudice.

Having been approved as Class Administrator, JND mailed the Notices approved by the Court to all Settlement Class Members on June 18, 2019, using the last known addresses available to UPS. Exhibit 1: Keough Decl. JND received 64 Notices from the June 18, 2019 mailing that were returned as undeliverable. JND performed address research on the undeliverable Notices and re-mailed to the 31 Class Members for whom updated addresses were found. 12 of these re-mailed notices were returned as undeliverable a second time.

Class Counsel intends to work with a private investigator to locate the addresses of the Seasonal Drivers who have yet to be found. If any Settlement Class Member cannot be found, the parties agree that their portion of the Class Settlement Amount should be distributed to the Colorado Fiscal Institute as a *cy pres* beneficiary.

If the Court approves Class Counsel's request for attorneys' fees of 1/3 of the Class Settlement Amount: (A) each Settlement Class Member who worked one holiday season shall receive a payment in the amount of $165.00; [2] (B) each Settlement Class Member

---

[2] In the event the Court awards an amount of attorneys' fees to Class Counsel different from the amount requested by Class Counsel, the payment amounts to Settlement Class Members shall be increased or decreased (as the case may be) on a pro rata basis so

7

who worked two holiday seasons shall receive a payment in the amount of $330.00; (C) each FLSA Class Member who worked one holiday season shall receive a payment in the amount of $394.00; and (D) each FLSA Class Member who worked two holiday seasons shall receive a payment in the amount of $559.00. JND will distribute checks to the Settlement Class Members from funds that have already been transferred to the Settlement Administrator by UPS. The parties intend to file a spreadsheet detailing the distributions to the Settlement Class Members as a supplement to this Motion prior to the Final Fairness Hearing.

## DISCUSSION

### A. STANDARD OF REVIEW:

To approve a class settlement, a court must determine that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Tenth Circuit Court of Appeals has held that the following four factors should be considered in making this determination:

> (1) whether the proposed settlement was fairly and honestly negotiated;
>
> (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
>
> (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
>
> (4) the judgment of the parties that the settlement is fair and reasonable.

---

that any portion of the Class Settlement Amount that was not allocated for attorneys' fees are paid proportionately to the Settlement Class Members.

*Rutter*, 314 F.3d at 1188 (citing *Gottlieb v. Wiles*, 11 F.3d 1004, 1014 (10th Cir. 1993) and *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984)). "The court has broad discretion in deciding whether to grant approval of a class action settlement." *Ashley v. Reg'l Transp. Dist. & Amalgamated Transit Union Div. 1001 Pension Fund Tr.*, No. 05-CV-01567-WYD-BNB, 2008 WL 384579, at *4 (D. Colo. Feb. 11, 2008) (citing *Jones,* 741 F.2d at 324). "In exercising its discretion, the trial court must approve a settlement if it is fair, reasonable and adequate." *Jones*, 741 F.2d at 324.

### B. THE COURT SHOULD APPROVE THE PARTIES' SETTLEMENT.

#### 1. THE SETTLEMENT WAS FAIRLY AND HONESTLY NEGOTIATED.

The Court should approve the Settlement because it was fairly and honestly negotiated. *See Rutter*, 314 F.3d at 1188; *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, 625 F. Supp. 2d 1133, 1137–38 (D. Colo. 2009) (approving settlement where "each of the parties [was] represented by competent seasoned attorneys who conducted [the] litigation vigorously and professionally," the parties engaged in substantial discovery, and there was "no indication that any of the negotiating parties unfairly was pressured or coerced into agreeing to the settlement"); *see also Ashley*, 2008 WL 384579 at *5 (holding that in analyzing this factor, a court must "ensure that the agreement is not illegal, a product of collusion, or against the public interest").

The proposed Settlement will provide each Settlement Class Member with more than 8 hours of pay at the Class Member's hourly rate of $18.75 for each holiday season that the Class Member worked. It will provide each FLSA Class Member with an additional $229 (more than 31 hours of pay at the federal minimum wage) in liquidated damages.

9

The terms of the Settlement were negotiated at arms' length by competent counsel who vigorously advocated for their clients throughout this litigation and who engaged in substantial discovery before the Settlement was reached. Class Counsel believes, based on their own independent investigation, analysis and the discovery performed in this case, that 8 hours of pay (roughly 1 hour per week for employees who worked from late November to late January) represents full recovery for the Seasonal Drivers' alleged off-the-clock work. No party was unfairly "pressured or coerced into agreeing to the settlement," and the parties were aided in their negotiations by the efforts of Magistrate Judge Hegarty at the Settlement Conference. *See In re Qwest*, 625 F. Supp. 2d at 1138. There has been no collusion or illegality, and the Settlement is not against public interest. *See Ashley*, 2008 WL 384579 at *5. Under these circumstances, the first factor from *Rutter* weighs in favor of approving the Settlement.

2. **SERIOUS QUESTIONS OF LAW AND FACT PLACE THE ULTIMATE OUTCOME OF THE LITIGATION IN DOUBT.**

The Court should also approve the Settlement because serious questions of law and fact place the ultimate outcome of the litigation in doubt. *See Rutter*, 314 F.3d at 1188. "The presence of such doubt augurs in favor of settlement because settlement creates a certainty of some recovery, and eliminates doubt, meaning the possibility of no recovery after long and expensive litigation." *See In re Qwest*, 625 F. Supp. 2d at 1138 (holding that "[t]he risk that a jury would deny recovery to the plaintiffs is substantial. The settlement creates a certainty of some recovery").

Throughout this case, the parties have disputed Ortez's primary factual allegations, including: (1) whether UPS had a policy or practice of requiring Seasonal Drivers to

10

perform off-the-clock work prior to their shifts; and (2) whether such a policy or practice was applied to all Seasonal Drivers. If Ortez were to prevail on these factual issues at trial, he would also need to prove the amount of off-the-clock that was performed. *See Garcia v. Tysons Food, Inc.*, 770 F.3d 1300, 1307 (10th Cir. 2014). Other serious questions of law and fact that remain in dispute include, but are not limited to: (a) whether UPS's alleged policy or practice complied with the FLSA and/or the CWCA; (b) whether UPS's alleged policy/ practice caused the Seasonal Drivers to be undercompensated; (c) whether UPS acted in good faith and with reasonable grounds for believing that its actions were lawful; (d) whether a contested motion for class certification should be granted under Fed. R. Civ. P. 23; and (d) whether Ortez's claims are barred, in whole or in part, by the Portal-to-Portal Act, 29 U.S.C. § 260. *See* ECF No. 53 (Answer) at 1620. To date, the parties have not engaged in discovery regarding most of these issues, instead focusing on the issues that were most pertinent to conditional certification of the FLSA Class. While Ortez and Class Counsel believe that they could have eventually prevailed on the disputed issues, doing so would have involved another year or more of expensive discovery and motions practice, including a likely motion for summary judgment, as well as a complicated trial on the merits. As such, the second factor from *Rutter* weighs in favor of approving the Settlement.

### 3. THE VALUE OF AN IMMEDIATE RECOVERY OUTWEIGHS THE MERE POSSIBILITY OF FUTURE RELIEF.

The third factor from *Rutter* – whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation – also weighs in favor of approving the Settlement. *See Rutter*, 314 F.3d at 1188. "The

11

value of an immediate recovery" means "the monetary worth of the settlement." *Wilkerson v. Martin Marietta Corp.*, 171 F.R.D. 273, 283 (D. Colo. 1997); *Shaw v. Interthinx, Inc.*, No. 13-cv-01229-REB-NYW, 2015 WL 1867861 at *3 (D. Colo. Apr. 22, 2015).

As explained above, Class Counsel has determined that the compensation offered to the Seasonal Drivers under the Settlement Agreement represents a full recovery of the wages due for alleged off-the-clock work. The FLSA Class Members will receive additional compensation that is equal to or greater than the liquidated damages they could have sought under the FLSA. While Ortez' s Second Amended Complaint seeks statutory penalties under C.R.S. § 8-4-109 in addition to back wages, obtaining those damages would require Ortez to prevail on a contested motion for class certification and to prove the class's entitlement to such damages at trial. As noted previously, Proceeding to trial would require the parties to engage in another year or more of discovery and litigation on the merits of Ortez's claims, UPS's defenses, class certification, and a motion for summary judgment. Under these circumstances, the value of the Settlement far outweighs the mere possibility that the Seasonal Drivers could obtain a better result after further expensive litigation. *See Rutter*, 314 F.3d at 1188. The third factor from *Rutter* therefore weighs in favor of approving the Settlement.

### 4. THE PARTIES JUDGE THE SETTLEMENT TO BE FAIR AND REASONABLE.

Finally, the Court should approve the Settlement because the parties judge it to be fair and reasonable. *See In re Qwest*, 625 F. Supp. 2d at 1138 ("Obviously, it is the judgment of lead counsel, who specialize in this type of litigation, that the settlement is fair and reasonable. That judgment is entitled to some weight in considering this factor").

Class Counsel from the Sawaya Law Firm are experienced litigators who specialize in wage and hour class actions. They have fully analyzed and evaluated the claims of Ortez and the Settlement Class Members, the information exchanged by the Parties in discovery, the depositions of the Parties and Michael Mueller, the arguments in UPS's pleadings and briefs, and the risks of litigation. Based on the entirety of the information before them, Class Counsel believe that the relief accorded to each Settlement Class Member is a complete recovery, and that it is therefore fair, reasonable, adequate, and equitable. Class Counsel's judgment that the Settlement is in the best interest of the Settlement Class Members is entitled to some weight. *See In re Qwest*, 625 F. Supp. 2d at 1138. Notably, not one of the 687 Seasonal Drivers in the Settlement Class has objected to the Settlement. *See Ashley*, 2018 WL 384579, at *8 (finding that it was "noteworthy" when no individual objects to settlement). While UPS continues to deny any and all allegations of wrongdoing and disclaiming any and all liability with respect the claims made in this action, the Defendant does not disagree that the proposed settlement is fair and reasonable resolution of the claims alleged by Ortez. As such, the fourth factor from *Rutter* weighs in favor of final approval.

### C. THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT CLASS.

As explained in the parties' Joint Motion for Preliminary Approval of Class Action Settlement (ECF No. 121), the proposed Settlement Class satisfies the prerequisites and requirements of Fed. R. Civ. P. 23 because: (1) the Class of 687 Seasonal Drivers is so numerous that joinder of all members is impracticable; (2) Ortez's allegations that the Seasonal Drivers spent time working off the clock states a legal theory that is common to

13

the Members of the Settlement Class; (3) Ortez alleges that he was subject to the requirement to work off the clock, making him typical of the Class; (4) Ortez and his counsel have adequately represented the Settlement Class; and (5) issues common to the Settlement Class predominate over questions affecting only individual drivers and a class action is the superior method of adjudicating the controversy enunciated in Ortez's Second Amended Complaint. *See* ECF No. 121 at 17-23; Fed. R. Civ. P. 23(a); 23(b)(3). Under these circumstances, granting final approval of the Settlement Class is appropriate.

### D. THE NOTICE TO THE SETTLEMENT CLASS WAS PROPER.

Fed. R. Civ. P. 23(e)(1)(B) requires "direct notice in a reasonable manner to all class members who would be bound" by a class action settlement. "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard'" and provides "'absent class members... with the opportunity to opt-out and individually pursue any state law remedies that might provide a better opportunity for recovery.'" *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Mendoza v. Tucson Sch. Dist. No. 1,* 623 F.2d 1338, 1352 (9th Cir.1980) and *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1025 (9th Cir.1998)).

On May 29, 2019, the Court approved the Notices and notice protocol proposed in the parties' Joint Motion for Preliminary Approval of Class Action Settlement and Class Certification for Settlement Purposes, Authorizing Notice to Settlement Class, and Appointing Class Counsel and Class Representative. ECF No. 123. The Notice of Class Action Settlement approved by the Court "'generally describes the terms of the settlement

in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *See Churchill*, 361 F.3d at 575; ECF No. 121-2. The Notice and an Opt-out Form were mailed to each of the 687 Seasonal Drivers in the Settlement Class on June 18, 2019. The Seasonal Drivers had 60 days to investigate, confer with the Settlement Administrator and/or Class Counsel regarding any questions, opt out of the Settlement, or file an objection to the terms of the Settlement. Three Seasonal Drivers opted out of the Settlement, but no objections were filed. Because notice was provided to the Seasonal Drivers in a reasonable manner, the requirements of Fed. R. Civ. P. 23(e)(1)(B) have been satisfied.

## CONCLUSION

WHEREFORE, the Plaintiff and the Defendant jointly move the Court to grant final approval of their Settlement, grant final approval of the Settlement Class, and authorize the Settlement Administrator to distribute the Class Settlement Amount in accordance with the Settlement Agreement. A proposed order is attached.

DATED this 16th day of October, 2019.

                                                                      Respectfully submitted,

                                                                      */s/ Adam M. Harrison*
                                                                      _____
                                                                      David H. Miller
                                                                      Adam M. Harrison
                                                                      THE SAWAYA & MILLER LAW FIRM
                                                                      1600 Ogden Street
                                                                      Denver, Colorado 80218
                                                                      303.551.7691

AHarrison@sawayalaw.com

*Counsel for Plaintiff Michael Ortez, individually and on behalf of all others similarly situated*

## CERTIFICATE OF SERVICE

I certify that on this 16th day of October, 2019, I filed the foregoing Joint Motion for Final Approval of Class Action Settlement, its Exhibit, and proposed order through the CM/ECF system, delivering a true and accurate copy of these documents to all counsel of record in this case.

*/s/ Adam M. Harrison*
_____
Adam M. Harrison