**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 17-cv-01202-CMA-SKC

MICHAEL ORTEZ, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

    Defendant.

---

**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND UNOPPOSED MOTION SEEKING APPROVAL OF ATTORNEYS' FEES, COSTS, COSTS OF ADMINISTRATION, AND SERVICE PAYMENT**

---

This matter is before the Court on the Parties' Revised Joint Motion for Final Approval of Class Action Settlement (Doc. # 130) and Class Counsel's Unopposed Motion Seeking Approval of Attorney's Fees, Costs, Costs of Administration, and Service Payments (Doc. # 125). For the reasons set forth in the Motions—and the reasons articulated by the Court on the record at the Final Fairness Hearing on October 30, 2019—the Court grants both Motions.

The Court finds that the proposed Settlement is "fair reasonable, and adequate" under the standards established by the Tenth Circuit Court of Appeals in *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002). *See also Jones*

*v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984) (recognizing that the court has "broad discretion" in deciding whether to approve class action settlement). The Court specifically finds that:

(1) The Settlement was fairly and honestly negotiated. Each Party was represented by competent counsel who conducted the litigation vigorously and professionally, and there is no indication that either Party was unfairly pressured or coerced into agreeing to the Settlement. *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, 625 F. Supp. 2d 1133, 1137–38 (D. Colo. 2009).

(2) Serious questions of law and fact regarding the merits of Plaintiff's claims and Defendant's defenses place the ultimate outcome of the litigation in doubt. *See Rutter*, 314 F.3d at 1188.

(3) The value of immediate recovery outweighs the possibility of future relief after protracted and expensive litigation. Based on their independent investigation and analysis, Class Counsel believes that the amount recovered reflects a full recovery of the wages owed to the Class Members. Proceeding to trial would require the Parties to engage in another year or more of discovery and litigation. Under these circumstances, the value of the Settlement far outweighs the possibility that the Seasonal Drivers could obtain a better result after further expensive litigation. *See Rutter*, 314 F.3d at 1188.

(4) The Parties judge the Settlement to be fair and reasonable, and no Class Member has objected to the Settlement. *See Rutter*, 314 F.3d at 1188.

Therefore, the Settlement is "fair reasonable, and adequate," and it is approved.

The Court also finds that the additional recovery proposed for the FLSA Class Members is appropriate because: (1) bona fide disputes exist between the parties; and (2) it provides adequate compensation to the employees and does not frustrate the FLSA policy rationales, i.e., it is "fair and reasonable." *See Davis v. Crilly,* 292 F.Supp. 3d 1167, 1171-73 (D. Colo. 2018); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir. 1982).

The Court finds that certification of the Rule 23 Class is appropriate under Fed. R. Civ. P. 23(a) and (b)(3):

- The Class of 687 Seasonal Drivers is so numerous that joinder of all members is impracticable;

- Plaintiff's allegations that the Seasonal Drivers spent time working off the clock states a legal theory that is common to the Members of the Class;

- Plaintiff is typical of the Class;

- Plaintiff and Class Counsel have adequately represented the Class; and

- Issues common to the Class predominate over questions affecting only individual drivers and a class action is the superior method of adjudicating this controversy.

The Court also finds that final certification of the FLSA Class for settlement purposes is appropriate under the factors enunciated in *Thiessen v. GE Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001) and *Davis v. Crilly*, 292 F. Supp. 3d 1167 (D. Colo. 2018), namely: (1) the similar "factual employment settings" of the FLSA Class Members support final certification of the FLSA Class for settlement purposes; (2)

Defendant's defenses apply equally to all members of the FLSA Class; and (3) "fairness and procedural considerations" also weigh in favor of approving the FLSA Class for settlement purposes.

The Court further finds that the notice provided to the Class complied with Fed. R. Civ. P. 23(e)(1)(B). The Notices drafted by the Parties and approved by the Court (Doc. # 121-2) "generally describe[] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard'" and provide[d] "'absent class members . . . with the opportunity to opt-out and individually pursue any [] remedies that might provide a better opportunity for recovery.'" *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998)).

The Parties and the Class Administrator complied with this Court's May 29, 2019 Order (Doc. # 123) by providing Notice to the Class in accordance with that Order. Thus, notice was provided in a reasonable manner to all Class Members who would be bound by the Parties' Settlement, as required by Fed. R. Civ. P. 23(e)(1)(B).

The Court finds that Class Counsel's fees representing 1/3 of the economic benefit bestowed on the class are reasonable under the common fund doctrine enunciated in *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 853 (10th Cir. 1993) and the twelve factors from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

Finally, the Court finds that Class Counsel's requests for costs of $8,089.47, costs of administration of $10,500.00, and service awards of $4,000.00 for Plaintiff and $1,000.00 for Michael Muller are appropriate.

Therefore, the Court ORDERS as follows:

(1) The Parties' **Revised** Joint Motion for Final Approval of Class Action Settlement (Doc. # 130) and Class Counsel's Unopposed Motion Seeking Approval of Attorney's Fees, Costs, Costs of Administration, and Service Payments (Doc. # 125) are GRANTED;

(2) The Parties **initial** Joint Motion for Approval of Class Action Settlement (Doc. # 126) is DENIED AS MOOT;

(3) The Court grants final certification of the Rule 23 Class for settlement purposes;

(4) The Court grants final certification of the FLSA Class for settlement purposes;

(5) This case is hereby DISMISSED WITH PREJUDICE, without costs to any Party, other than as specified in the Settlement Agreement and this Order;

(6) In consideration of the Total Settlement Amount provided for under the Agreement, and for other good and valuable consideration, Plaintiff and each of the Releasing Class Members shall, by operation of this Order, have fully, finally, and forever released, relinquished, and discharged all Released Claims against UPS in accordance with the terms of the Settlement Agreement, the terms of which are incorporated herein by reference, shall have covenanted not to sue UPS with respect to all such Released Claims,

and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such Released Claims against UPS;

(7) The Court approves the distribution and procedures described in the Parties' Joint Motion and orders the Settlement Administrator to distribute the Settlement in accordance with the Parties' Settlement Agreement (Doc. # 121-1);

(8) The Court approves' Class Counsel's attorneys' fees in the amount of $74,000.00 and Plaintiff's costs of $8,089.47;

(9) The Court approves settlement administration costs of $10,500.00 to the Settlement Administrator; and

(10) The Court approves a service payment of $4,000.00 to Plaintiff, and a service payment of $1,000.00 to Michael Mueller.

DATED: November 1, 2019

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge

6